UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| *In re* Subpoena to Non-Party Michael Kohlsdorf,<br><br>in the matter of:<br><br>*In re LastPass Data Security Incident Litigation*, 1:22-CV-12047-PBS | Case No. 25-mc-22239-BB<br><br>[*Action Pending as Case No. 1:22-CV-12047-PBS in the United States District Court for the District of Massachusetts*] |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY**
**MICHAEL KOHLSDORF'S MOTION TO QUASH SUBPOENA**

Non-party Michael Kohlsdorf submits the following memorandum in support of his Motion to Quash the Subpoena ("Kohlsdorf Subpoena")[1] issued to him by Plaintiffs.

**INTRODUCTION**

For the sixth time in three months, Plaintiffs attempt to circumvent party discovery by forcing a non-party to respond to a burdensome, premature subpoena. Through their non-party subpoenas, Plaintiffs requested scores of documents that they already requested from Defendant LastPass and demanded that certain non-party individuals—including Mr. Kohlsdorf—sit for depositions before the depositions of Defendant LastPass. The Court should not allow Plaintiffs to impose the undue burden of forcing Mr. Kohlsdorf, a non-party, to prepare and sit for a deposition before Plaintiffs obtain discovery from the actual party in this case.

In discovery, Plaintiffs issued eighty-nine Requests for Production to the sole defendant in this case: LastPass. But before LastPass completed its production in response to those eighty-nine Requests, Plaintiffs issued overly broad, duplicative subpoenas ("Non-Party Subpoenas") to three

---

[1] A copy of the subpoena to Michael Kohlsdorf is attached as Exhibit A to the Declaration of Aaron D. Charfoos, filed concurrently herewith.

non-party entities, including GoTo Technologies USA, Inc. ("GoTo"), a company at which Mr. Kohlsdorf previously served in an interim role, and shortly thereafter issued a similar subpoena to a non-party individual, seeking documents and demanding that he sit for a deposition.[2]  Plaintiffs and the Non-Party Subpoena recipients are still awaiting decisions on three separate pending Motions to Quash those Non-Party Subpoenas.  *See* 1:25-mc-91069-PBS, ECF Nos. 1, 2 (D. Mass.); 1:25-cv-11316, ECF No. 1 (D. Mass.); 5:25-mc-00499, ECF No. 1 (W.D. Tex).

Further, on April 22, 2025, Plaintiffs filed a Motion for Leave to Amend Complaint to Add Related Entities as Defendants ("Motion to Amend").  ECF Nos. 184, 185.[3]  Plaintiffs ask that the Court allow them to re-add GoTo Technologies USA, Inc. ("GoTo"), an entity that the Court previously dismissed from the case, and to add Francisco Partners Management, L.P. ("FPM") and Francisco Partners Consulting ("FPC") as defendants in this case.  It is additionally premature for Plaintiffs to seek Mr. Kohlsdorf's deposition now, given that the potentially relevant scope of his deposition could change depending on the ruling on Plaintiffs' Motion for Leave to Amend.  ECF Nos. 184, 185.

Requiring Mr. Kohlsdorf to prepare and sit for a deposition before the *parties* have resolved their discovery disputes, before Plaintiffs have received LastPass' complete production or taken depositions of LastPass representatives, and while the Motions to Quash and Plaintiffs' Motion to Amend are pending is premature and unduly burdensome, and the subpoena to Mr. Kohlsdorf should be quashed.

---

[2] A copy of the subpoena issued to GoTo is attached as Exhibit B to the Declaration of Aaron D. Charfoos.  Copies of the subpoenas issued to FPM and Elliott Management are attached as Exhibit C to the Declaration of Aaron D. Charfoos. A copy of the subpoena issued to Christopher Brian Nix is attached as Exhibit D to the Declaration of Aaron D. Charfoos.  A copy of the subpoena issued to Michael Barry is attached as Exhibit E to the Declaration of Aaron D. Charfoos.

[3] Citations to ECF docket numbers in this motion refer to the docket numbers in *In re LastPass Data Security Incident Litigation*, 1:22-CV-12047-PBS (D. Mass.).

## FACTUAL BACKGROUND

**A. The Data Breach Litigation and Non-Party Mr. Kohlsdorf**

Plaintiffs' claims against Defendant LastPass arise from a data breach suffered by LastPass in mid-2022. *See generally* ECF No. 86. Plaintiffs allege that the breach has led to the exposure, misappropriation, and misuse of many users' information and caused injury to Plaintiffs and Class Members. *Id.* ¶ 2.

In their initial complaint, Plaintiffs asserted claims against both LastPass and GoTo. ECF No. 1, ¶¶ 5, 7-8. But on July 30, 2024, this Court dismissed all claims against GoTo, finding that "[n]o Plaintiff claimed to have ever transacted with GoTo, read its 'terms of service,' or relied on any of GoTo's representations," and "Plaintiffs [did] not plausibly allege GoTo caused them injury directly." ECF No. 126, p. 16, § B.1 (Claims Against GoTo). Accordingly, LastPass is the only defendant in the case.

On April 22, 2025, Plaintiffs filed a Motion to Amend, seeking to re-add GoTo and to add FPC and FPM as defendants in this case. ECF Nos. 184, 185. Mr. Kohlsdorf previously served in an interim role at GoTo.

**B. Discovery Between the Parties**

In October 2024, Plaintiffs issued eighty-nine Requests for Production to LastPass. In January 2025, without waiting for LastPass to complete its production, or engaging with LastPass to resolve their objections to Plaintiffs' Requests, Plaintiffs issued Non-Party Subpoenas to GoTo, FPM, and Elliott Investment Management, L.P. ("Elliott Management"), and in February 2025, issued a separate subpoena to an FPC employee, Christopher Brian Nix. In April 2025, Plaintiffs additionally issued a subpoena to an FPC employee, Michael Barry (collectively with Mr. Nix,

3

FPC, GoTo, FPM, and Elliott Management, the "Non-Parties").[4]

Because the Non-Party Subpoenas sought documents that spanned a wide range of topics and contained requests that were either duplicative of the requests that Plaintiffs served on LastPass, or irrelevant to the claims in the Complaint (or both), and also demanded that both Mr. Nix and Mr. Barry sit for a deposition before any party depositions had been taken, and because Plaintiffs and the Non-Parties could not reach a reasonable agreement to defer the Non-Party Subpoenas until LastPass issued its complete production to Plaintiffs and party depositions were taken, the Non-Party entities jointly moved to quash the Non-Party Subpoenas ("Joint Motion to Quash Non-Party Subpoenas"), Mr. Nix filed his own Motion to Quash ("Nix Motion to Quash") shortly thereafter, and Mr. Barry filed his own Motion to Quash in April 2025 ("Barry Motion to Quash"). All motions are still pending. 1:25-mc-91069-PBS (D. Mass.), ECF No.1; 1:25-cv-11316, ECF No. 1 (D. Mass.), ECF No. 1; 5:25-mc-00499, ECF No. 1 (W.D. Tex).

### C. Plaintiffs' Subpoena to Mr. Kohlsdorf

Plaintiffs issued a subpoena to Mr. Kohlsdorf on April 18, 2025, demanding that he sit for a deposition on May 8, 2025.[5] Decl. of A. Charfoos, Exhibit A. Counsel for Mr. Kohlsdorf informed Plaintiffs' counsel that they objected to the subpoena of Mr. Kohlsdorf and informed Plaintiffs' counsel that they intended to file this Motion to Quash, as they had with the other non-party subpoenas. Decl. of A. Charfoos, ¶ 5. By seeking to immediately burden non-party Mr. Kohlsdorf with the need to prepare and sit for a deposition because Plaintiffs refuse to wait for and review the documents produced by LastPass and analyze the testimony offered by party deponents,

---

[4] A copy of LastPass' objections and responses to Plaintiffs' first set of document requests is attached as <u>Exhibit F</u> to the Declaration of Aaron D. Charfoos.

[5] Plaintiffs did not serve the Kohlsdorf subpoena, but on May 7, 2025, Plaintiffs' counsel asked Mr. Kohlsdorf's counsel to accept service of the subpoena. Decl. of A. Charfoos, ¶ 4. Mr. Kohlsdorf's counsel accepted service of the subpoena on May 12, 2025. *Id.*

Plaintiffs seek to impose an undue burden on Mr. Kohlsdorf, and the Kohlsdorf Subpoena should be quashed.

## ARGUMENT [6]

### I. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(2), a court must limit the frequency or extent of discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2). Non-party subpoenas issued pursuant to Rule 45 are subject to the constraints of Rule 26(b), including the relevance and proportionality requirements of Rule 26(b)(1). *See Solamere Cap. v. DiManno*, 621 F. Supp. 3d 152, 158 (D. Mass 2022); *Smith v. Turbocombustor Tech., Inc.*, 338 F.R.D. 174, 176 (D. Mass. 2021).

When evaluating discovery issued to non-parties, courts closely scrutinize the burden of the discovery. *See United Therapeutics Corp. v. Watson Lab'ys, Inc.*, 200 F. Supp. 3d 272, 277 (D. Mass. 2016) ("When assessing burden, courts are generally more solicitous of non-parties."). Courts in the First Circuit recognize that "concern for the unwanted burden of discovery thrust upon non-parties is a factor entitled to special weight" under the Rule 26 analysis. *See Cusumano*

---

[6] Mr. Kohlsdorf incorporates by reference and joins all arguments made in the Joint Motion to Quash Non-Party Subpoenas to Francisco Partners Management, L.P., GoTo Technologies, Inc., and Elliott Management, and Memorandum of Law in Support thereof, the Motion to Quash Non-Party Subpoena to Christopher Brian Nix and Memorandum of Law in Support thereof, and the Motion to Quash Non-Party Subpoena to Michael Barry. *See* 1:25-mc-91069-PBS, ECF Nos. 1, 2 (D. Mass.); 1:25-cv-11316, ECF No. 1 (D. Mass.); 5:25-mc-00499, ECF No. 1 (W.D. Tex).

*v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *see also Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 755 F.3d 55, 59 (1st Cir. 2014); *Solamere Cap.*, 621 F. Supp. 3d at 158.

The district court's duty to prevent undue burden to subpoena recipients is further reflected in Federal Rule of Civil Procedure 45, which requires the court to "quash or modify a subpoena" that "subjects a person to undue burden." Fed. R. Civ. P. 45(d). Courts routinely grant motions to quash under these principles in order to protect non-parties like Mr. Kohlsdorf, and the Court should do the same here. *See, e.g., United Therapeutics Corp.*, 200 F. Supp. 3d at 280 (denying motion to compel non-party discovery where burden of compliance by non-party outweighed relevance of information sought); *see also Ponder v. Ocwen Loan Servicing, LLC*, 2019 WL 2249675, at *2 (D. Mass May 24, 2019).

## II.     Plaintiffs' Subpoena to Depose Mr. Kohlsdorf Is Premature and Burdensome.

Plaintiffs' subpoena demands that Mr. Kohlsdorf prepare and sit for a deposition before Plaintiffs complete depositions of Defendant LastPass. Such discovery is premature and unduly burdensome at this stage of the litigation. This Court has the power to limit discovery, and in doing so, is "require[ed] to balance the inquirer's right to know against the responder's right to be free from unwarranted intrusions." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989). This is particularly important where, as here, one party wants to thrust the unwanted burden of discovery on a non-party. *See Cusumano,* 162 F.3d at 717 (explaining that "concern for the unwanted burden of discovery thrust upon non-parties is a factor entitled to special weight"); *see also United Therapeutics Corp.*, 200 F. Supp. 3d 272, 277 (D. Mass. 2016).

Mr. Kohlsdorf is not, and has never been, an employee of LastPass. He only briefly served in an interim role at GoTo, which the court has already dismissed from this case. Accordingly, Plaintiffs should take the depositions of Defendant LastPass' representatives, analyze their

testimony, and then determine if there is relevant, non-duplicative information that Mr. Kohlsdorf can provide. Doing so would ensure that any burden on Mr. Kohlsdorf—if a deposition is ultimately deemed necessary—would be limited, as party depositions would likely narrow any issues about which Mr. Kohlsdorf would be questioned. At that point, if Plaintiffs ultimately determine that there is relevant, non-duplicative information that Mr. Kohlsdorf can provide, Plaintiffs may issue a narrowly tailored subpoena for testimony that Plaintiffs in good faith believe Mr. Kohlsdorf will offer that cannot be obtained through less burdensome means. This process would ensure that any burden on Mr. Kohlsdorf—if a deposition is ultimately deemed necessary—would be limited, as party depositions would likely narrow any issues about which Mr. Kohlsdorf would be questioned.[7]

## CONCLUSION

For the reasons set forth above, non-party Michael Kohlsdorf respectfully requests that this Court grant his Motion to Quash and grant such further relief as the Court deems proper.

## LOCAL RULE 7.1(a) CERTIFICATE

Pursuant to Local Rule 7.1(a), undersigned counsel hereby certifies that counsel for the parties have conferred in a good-faith attempt to resolve this matter by agreement and certifies that no agreement could be made. Accordingly, Mr. Kohlsdorf filed this Motion to Quash.

---

[7] At a minimum, Plaintiffs should wait for the Court's ruling on their Motion to Amend. If GoTo, FPM, or FPC are added as a defendant in the case, Mr. Kohlsdorf's counsel will confer with Plaintiffs' counsel regarding the request for his deposition.

Dated: May 16, 2025    Respectfully submitted,

| | |
|---|---|
| **KUDMAN TRACHTEN ALOE POSNER LLP** | **PAUL HASTINGS, LLP** |
| | Aaron Charfoos |
| Tama Beth Kudman, Esq. | *(Admitted Pro Hac Vice to* |
| Florida Bar No. 637432 | *Case 1:22-CV-12047-PBS (D. Mass.)* |
| tkudman@kudmanlaw.com | aaroncharfoos@paulhastings.com |
| | |
| Robert Ames Gordon, Esq. | 71 South Wacker Drive |
| Florida Bar No. 1024974 | Suite 4500 |
| rgordon@kudmanlaw.com | Chicago, IL 60606 |
| | Tel: (312) 499-6016 |
| 7108 Fairway Drive, Suite 130 | Fax: (312) 499-6116 |
| Palm Beach Gardens, Florida 33418 | |
| Tel: (561) 472-0811 | *Attorneys for Michael Kohlsdorf* |
| Facsimile: (561) 828-0210 | |
| | |
| By: /s/ Robert Ames Gordon | |

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was filed using the CM/ECF system on May 16, 2025 and served on all counsel or parties of record on the Service List below via email.

By: /s/ Robert Ames Gordon

**SERVICE LIST**

Edward F. Haber
Ian McLoughlin
Patrick J. Vallely
SHAPIRO HABER& URMY LLP
One Boston Place, Suite 2600
Boston, MA 02108
ehaber@shulaw.com
imcloughlin@shulaw.com
pvallely@shulaw.com

Amy Keller
James A. Ulwick
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
akeller@dicellolevitt.com
julwick@dicellolevitt.com

Nathaniel L. Orenstein
Patrick T. Egan
Justin N. Saif
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
norenstein@bermantabacco.com
pegan@bermantabacco.com
jsaif@bermantabacco.com

Christina M. Sarraf
BERMAN TABACCO
425 California Street, Suite 2300
San Francisco, CA 94104
csarraf@bermantabacco.com

Nicholas A.Migliaccio
Jason Rathod
Bryan Faubus
MIGLIACCIO & RATHOD LLP
412 H Street NE, Ste. 302
Washington, DC 20002
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
bfaubus@classlawdc.com

James J. Pizzirusso
HAUSFELD LLP
888 16th Street, N.W. Suite 300
Washington, D.C. 20006
jpizzirusso@hausfeld.com

Steven M. Nathan
HAUSFELD LLP
33 Whitehall Street Fourteenth Floor
New York, NY 10004
snathan@hausfeld.com

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington St., Ste 1220
Chicago, IL 60602
tom@attorneyzim.com

Sabita J. Soneji
Cort T. Carlson
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
ssoneji@tzlegal.com
ccarlson@tzlegal.com

Robert C. Schubert
Amber L. Schubert
SCHUBERT JONCKHEER& KOLBE LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
rschubert@sjk.law
aschubert@sjk.law

Laura Van Note
Cody Bolce
COLE & VAN NOTE
555 12th Street, Suite 2100
Oakland, CA 94607
lvn@colevannote.com
cab@colevannote.com

Michael R. Reese
REESE LLP
100 West 93rd Street, 16th Floor
New York, NY 10025
mreese@reesellp.com

George V. Granade
REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, CA 90211
ggranade@reesellp.com

Charles D. Moore
REESE LLP
100 South 5th Street, Suite 1900
Minneapolis, MN 55402
cmoore@reesellp.com

William F. McGonigle, III
Raymond P. Ausrotas
Arrowood LLP
10 Post Office Square, 7th
Floor Boston, MA 02109
wmcgonigle@arrowoodllp.com
rausrotas@arrowoodllp.com

Michael Kind
KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Email: mk@kindlaw.com

Marc E. Dann
Brian D. Flick
Dann Law
15000 Madison Avenue
Lakewood, OH 44107
notices@dannlaw.com

Francis A. Bottini, Jr.
Albert Y. Chang
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Ave., Suite 102
La Jolla, CA 92037
fbottini@bottinilaw.com
achang@bottinilaw.com

Christopher A. Wiech
Chelsea M. Lamb
Baker & Hostetler LLP
1170 Peachtree St NE, Suite 2400
Atlanta, GA 30309
cwiech@bakerlaw.com
clamb@bakerlaw.com